**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Tom MAMIC, Defendant—Appellant.**

**No. 01–50367.**

**D.C. No. CR–00–00803–WDK–1.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 1, 2004.[*]

Decided March 5, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Nancy B. Spiegel, Elisa Fernandez, USLA—Office of The U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellee.

Karen L. Landau, Oakland, CA, for Defendant-Appellant.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

MEMORANDUM**

Defendant Tom Mamic appeals his conviction on charges of conspiracy and possession of counterfeit securities. Mamic argues that the district court abused its discretion in admitting testimony from a government witness concerning the basis of his belief that a check Mamic had given him to cash was counterfeit.[1] We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's admission of lay witness testimony, *see United States v. Matsumaru*, 244 F.3d 1092, 1101 (9th Cir.2001), and we affirm. Because the parties are familiar with the facts, we recite them only as necessary for this decision.

■ We conclude that the challenged testimony was admissible under Fed. R.Evid. 701. The statements were limited to inferences Pourshalimi drew from his perceptions. They helped the jury understand why *Pourshalimi* did what he did. Mamic's reliance on *United States v. Henke*, 222 F.3d 633 (9th Cir.2000) (per curiam), is misplaced. In *Henke*, the government called a witness to testify that the defendants "must have known" about the

illegal scheme that formed the basis of the charges. *Id.* at 639–41. Here, by contrast, Pourshalimi testified to his own understanding of the situation, not to Mamic's.

■ In any event, even if it were error to admit the challenged testimony, any error was harmless in light of the weight of the evidence. Mamic conceded that the check was counterfeit. The only question is whether Mamic knew the check was bogus. No reasonable juror would believe that Mamic offered to pay Pourshalimi over $20,000 merely to cash a legitimate check; if valid, the check could have been cashed at the bank for free.

**AFFIRMED.**

BEA, Circuit Judge, concurring.

Although I disagree with the majority's conclusion regarding the admissibility of Pourshalimi's testimony, I join the majority in affirming the conviction because the district court's error in its admission was harmless.

What Pourshalimi opined about the counterfeit nature of the check was inadmissible lay opinion testimony. Unlike admissible lay witness testimony expressed in the form of an opinion and based on common experience–such as the speed of the car, or the shocked demeanor of a witness–Pourshalimi's opinion the check was counterfeit was based on his knowledge or experience, *vel non.* The evidence went to a central issue in the case: the bogus nature of the paper.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In his opening brief, Mamic also argued that the district court erred in denying him a two-level downward adjustment in his sentence. However, as Mamic acknowledges, this issue has become moot because Mamic completed the custodial portion of his sentence while his appeal was pending. *See United States v. Gomez–Gonzalez*, 295 F.3d 990 (9th Cir.2002).

Though somewhat belated, defense counsel's objection should have been sustained and the evidence stricken as inadmissible opinion testimony. *See* Fed. R.Evid. 701; *United States v. Henke,* 222 F.3d 633 (9th Cir.2000).

Neither is Pourshalimi's opinion as to the bogus nature of the check relevant to prove Pourshalimi's state of mind, as circumstantial evidence of what Pourshalimi did with the check. It was not Pourshalimi's actions, but Mamic's, which were at issue. *See* Fed.R.Evid. 401, 402.

Nonetheless, I would affirm Mamic's conviction. Considering the evidence as a whole, the improper lay opinion testimony was harmless error.